IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DARRELL L. WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-3429-SSA-CV-S-WAK |
| ) | |
| JO ANNE B. BARNHART, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Claimant Darrell White seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. He claims he became disabled beginning on December 21, 2002, due to congenital hip dysplasia, obesity and scoliosis. The parties' briefs were fully submitted, and on August 15, 2006, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Darrell White was born in 1972 and has an eleventh-grade education. He is six feet one inch tall and weighs approximately 286 pounds. He had numerous surgeries on his right hip as a child and continues to have problems associated with congenital hip disease. He has past work experience as a kitchen helper, dining room attendant, cook helper, poultry boner, poultry processing supervisor, animal evisciator and construction worker.

White received disability benefits from 1990 to 1992, when he voluntarily gave up the benefits to earn more money. He asserts he became unable to work in 2002 because of pain in

his right hip, back, leg and foot. He states he can't bend to put on his shoes or socks and can sit for only a limited period of time. He experiences numbness and tingling in his right leg.

The Administrative Law Judge (ALJ) reviewed the evidence of record and determined claimant had congenital hip dysplasia and obesity that were severe within the meaning of the Social Security regulations. The ALJ did not find significant limitations, however, with regard to scoliosis. The ALJ concluded White could not return to his former work, but retained the residual functional capacity to perform a significant number of sedentary, unskilled jobs such as a general assembler or table worker.

White asserts for purposes of this appeal that (1) the ALJ erred in his consideration of the opinions of Drs. Clarke and Ash, and (2) there is not substantial evidence on the record as a whole to support the ALJ's determination of White's residual functional capacity.

Claimant had very limited medical treatment during the time relevant to this application. Thus, the ALJ considered the opinions of two consulting physicians who examined White one time. He gave substantial weight to the opinion of Dr. Ash, an orthopedist, but discounted it where it contradicted with White's testimony regarding the amount of weight he could lift. The ALJ gave little weight to the opinion of Dr. Clarke, noting that his opinion was inconsistent with his examining notes and was completed approximately eight months after the examination.

The ALJ summarized claimant's report of his daily activities, noted the lack of medical treatment or prescription pain medication, and ultimately concluded that White's testimony was not completely credible. He acknowledged claimant had pain, but determined it was not disabling pain.

"Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole. Dixon v. Barnhart, 353 F.3d at 605.

As previously stated, the claimant has the initial burden of establishing the existence of a disability. See Roth v. Shalala, 45 F.3d at 282. Here, the record does not show White obtained medical treatment for his condition or his pain during the relevant time period. He took no pain

3

medications other than Aleve, and indicated the Aleve generally worked.  His previous work ranged from light to heavy, with his latter work being in construction at a heavy level.  Although he testified he was laid off from his last job, he also stated he just couldn't do the work because of his pain.  He did not, however, attempt to find and perform a job with a lighter exertional level.

The two physicians who rendered opinions were not treating doctors, but merely consulted with claimant for one examination for disability purposes, and the orthopedist implied claimant could perform some work.  The ALJ could reasonably discount any contrary opinion based upon the record as a whole.

Nevertheless, it is possible that claimant's medical condition has deteriorated and he is disabled within the meaning of the Social Security Act.  With additional medical treatment and testing, White may be able to support that conclusion in the application for benefits he made subsequent to this one.  On the administrative record before the court, however, there is substantial evidence on the record as a whole to support the administrative decision.

This court must sustain the agency's decision if it is supported by substantial evidence on the record as a whole.  42 U.S.C. § 405(g); Piercy v. Bowen, 835 F.2d 190 (8th Cir. 1987).  Accordingly, for these reasons and those set forth more fully in the Commissioner's brief and at oral argument, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 23rd day of August, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4